Gale JOHNSON and Robert Johnson, and FVP Network, Inc., (Channel 10), Plaintiffs,

v.

James V. ADAMS, Dempsey Johnson, James Thomas, J.W. Terrell, Jr., and Lloyd Clark, Defendants.

No. TX–86–23–CA.

United States District Court, E.D. Texas, Texarkana Division.

March 19, 1986.

Edward J. Fitzmaruice, Jr. and Peter A. Lesser, of Hickes, Gillespie, James, & Lesser, P.C., Dallas, Tex., for plaintiffs.

James P. Allison, Allison & White, Austin, Tex., for defendants.

## MEMORANDUM OPINION AND FINAL ORDER OF DISMISSAL

HALL, District Judge.

The Court, after considering the Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted (Rule 12(b)(6) Fed.R.Civ.P.), and the Plaintiffs' Response thereto, finds for the reasons stated below that the Motion is well taken.

Jurisdiction is properly vested in this Court by virtue of Title 28 U.S.C. § 1343(3) & (4), as well as 28 U.S.C. § 2201 and § 2202; and 42 U.S.C. § 1983 and § 1985 (3). Venue lies in this case as Titus County is within the Texarkana Division of the United States District Court for the Eastern District of Texas.

The complaint which was filed on January 31, 1986, alleges that First Amendment rights of the Plaintiffs have been abridged by the Defendants who are County Commissioners of Titus County, Texas, because the Defendants have not allowed the Plaintiffs to videotape the sessions of the Commissioners Court. This is the only question involved in this suit.

■ When filed, the Plaintiffs' Complaint was styled as "Plaintiff's Original Complaint for Declaratory Relief, Temporary Restraining Order, Preliminary and Permanent Injunction". All of the pleadings were filed in one instrument. This Court has never reached, and does not do so now, any decision on the merits of the purported application for a "Temporary Restraining Order, Preliminary and Permanent Injunction". This because the request was not properly plead under Eastern District of Texas Local Rule 8, which states, *in toto*, "An application for a temporary restraining order or for a preliminary injunction shall be made on an instrument separate from the complaint." Also, see Rule 65 of the Federal Rules of Civil Procedure.

■ Before discussing what this case does involve, the Court will attempt to show what this case *does not* involve. This case does not involve closed meetings of the Titus County Commissioners Court, in violation of § 6252–17 Tex.Rev.Civ.Stat. Ann., the Texas Open Meetings Act.[1] Nor are the Plaintiffs denied the right to audio tape the Commissioners Court proceedings, as authorized by § 6252–17, supra. This case does not involve the right of access to prisoners in a correctional institution, the right of access to executive sessions of the Commissioners Court, or access to "classified documents", public records, open criminal trials, or even prior restraint. Instead, the case has one salient question: Does the First Amendment of the Constitution of the United States mandate that the videotaping of the regular sessions of the Commissioners Court of a rural Texas county be allowed? As a matter of law, this Court finds that it does not.

It is settled law that a newspaper or television reporter, or other media representative enjoys no greater right of access to the governmental process than does the general public. *Estes v. Texas*, 381 U.S. 532 at 540, 85 S.Ct. 1628 at 1631, 14 L.Ed.2d 543 (1964); *Pell v. Procunier*, 417 U.S. 817 at 834, 94 S.Ct. 2800 at 2810, 41 L.Ed.2d 495 (1974); and *Saxbe v. Washington Post Company*, 417 U.S. 843 at 857, 94 S.Ct. 2811 at 2818, 41 L.Ed.2d 514 (1974) quoting Powell, J. dissenting:

> I agree, of course, that neither any news organization nor reporters as individuals have constitutional rights superior to those enjoyed by ordinary citizens. The guarantees of the First Amendment broadly secure the rights of every citizen; they do not create special privileges for particular groups or individuals. For me, at least, it is clear that persons who become journalists acquire thereby no special immunity from governmental regulation. To this extent I agree with the majority. But I cannot follow the Court in concluding that *any* governmental re-

striction on press access to information, so long as it is nondiscriminatory, falls outside the purview of First Amendment concern.

Also, see *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 at 609, 98 S.Ct. 1306 at 1317–18, 55 L.Ed.2d 570 (1978).

As previously stated, the media is allowed to attend the meetings of the Titus County Commissioners Court, as is the public. Further, pursuant to § 6252–17 Tex.Rev.Civ.Stat.Ann., both the public and the press are allowed to audio tape the proceedings. § 6252–17, supra, at section 2(i). While not binding on the Court, Defendants have also produced a Texas Attorney General's Opinion that states the part of the statute which allows recording by means of "a tape recorder or any other means of sonic reproduction" does not include videotaping. Texas Attorney General Opinion Number JM–351 (1985). The Court also notes that when this case was filed it was necessary to employ an Inspector of the United States Marshal's Service to prevent various news organizations from either taping or photographing the actual filing of the complaint. In other words:

> The First Amendment generally grants the press no right of information about a trial superior to that of the general public. "Once beyond the confines of the courthouse, a news-gathering agency may publicize, within wide limits, what its representatives have heard and seen in the courtroom. But the line is drawn at the courthouse door; and within, a reporter's constitutional rights are no greater than those of any other member of the public." *Nixon v. Warner Communications, Inc.*, supra.

The case does not involve a trial, but the videotaping of the legislative body of a Texas county. The Titus County Commissioners Court has the privilege to restrict the use of cameras in presence during its sessions if it so wishes. The House of Representatives and the Senate of the Unit-

---

1. By way of explanation, the "Commissioners Court" is not an adjudicative or judicial body. It is, rather, the name given by Texas law to the managing or governing body of a county. In other jurisdictions it might be called the Board of Supervisors, County Council, County Board and the like.

ed States do so. The Titus County Commissioners are no less the master of their own house than are the members of those great deliberative bodies. Nothing in the actions of the Court restricts the presence of the public, or the media, during its regular sessions. Nothing in the actions of Titus County Commissioners Court restrains the press from reporting on the activities of the Commissioners Court, or from commenting on those activities. If members of the Titus County Commissioners Court wish to follow the lead of the United States Courts in forbidding the use of videotape cameras in their presence, they may do so. There is no First Amendment violation extant in their actions.

Accordingly, IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that the Defendants' Motion to Dismiss be, and the same hereby is, GRANTED, and the Plaintiffs' Complaint be DISMISSED without prejudice.